## ROUNTREE VS. THE UNITED STATES.

*Indictment.*

An indictment for knowingly and willfully assaulting, beating and wounding any sheriff, etc., or other officer or person duly authorized, in serving or executing any writ, etc., in a case where a private person was specially deputed to execute such writ, etc., which alleges that such person "was then and there a peace officer, to wit, a deputy sheriff of said county," is too vague and uncertain, and not sufficiently descriptive of the special character and authority under which such person acted. His authority, and the capacity in which he was acting at the time, should have been set forth with reasonable certainty.

ERROR to the District Court for *Grant* County. The case is stated in the opinion of the court.

*T. P. Burnett,* for plaintiff in error.

*F. J. Munger,* for defendant in error.

MILLER, J.   The defendant below, who is plaintiff in error, was indicted for assault and battery in the following words: "The jurors of the grand jury, good and lawful men of the county aforesaid, duly chosen, tried, sworn and charged to inquire in and for the body of the county of Grant, do, upon their oaths, present that *Samuel B. Rountree,* late of said county, on the eighth day of March, eighteen hundred and thirty-eight, with force and arms, at Lancaster, in said county, in and upon one Stephen Mahood, who was then and there a peace officer, to wit, a deputy sheriff of the county of Grant, and then and there being in the due execution of his duty as such peace officer, did make an assault with a certain deadly weapon, commonly called a carving-knife, and him, the said Stephen Mahood, so being in the execution of his duty as aforesaid, then and there did beat, wound and ill-treat," etc.   A second count was added for a common assault, but was quashed by the court below before trial, for want of jurisdiction in the court, which is confined, in such cases, to justices of the peace, by the act passed in

January, 1838.   The defendant is not indicted under this act.   The indictment in this case is founded on the 40th section of the statute of Michigan, entitled "An act for the punishment of crimes."   This section provides that, "if any person shall knowingly and wilfully obstruct, resist or oppose any sheriff, coroner, constable or other officer of this Territory, or *other person duly authorized,* in serving or attempting to serve or execute any *mesne* process, writ, warrant, rule or order issued by virtue of the laws of this Territory, or any other legal or judicial writ, warrant or process whatever; or shall assault, beat or wound any sheriff, coroner, constable or *other* officer or person *duly authorized,* in serving or executing any writ, rule, order, process or warrant aforesaid, or for having served or executed the same, every person so knowingly and wilfully offending in the premises shall, on conviction, be punished by fine, not exceeding eight hundred dollars, or by imprisonment at hard labor, not exceeding two years, or both, at the discretion of the court."   Stephen Mahood was not, at the time of the alleged trespass, a public officer of the county of Grant, but a private citizen, deputed by the sheriff, on the back of a warrant against *Samuel B. Rountree,* to execute the same.   As he was not a public officer of the county, the indictment must show with certainty that he was a *person duly authorized to serve the process.*   He is not a peace officer of the county, entitled to general protection as such, but a private citizen, specially deputed by the sheriff to perform a particular act, and nothing more.   He had no authority beyond this special deputation.   He was not known or recognized as a peace officer of the county; hence, it became necessary to set forth in the indictment, with sufficient certainty, the authority and capacity under which he was acting at the time.   It is the opinion of a majority of the court, that the words in the indictment, "*a peace officer, to wit, a deputy sheriff of the county of Grant,*" are too vague and uncertain in this particular case, and not sufficiently descriptive of Ma-

hood's peculiar character and authority.   If he had been
a general deputy of the sheriff for all purposes, the
indictment might be sustained; but the court is bound,
very reluctantly, to reverse this judgment.

DUNN, Ch. J., *dissented.*